UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>(1) MARVIN ANTOINE, a/k/a "D," a/k/a, "Dirty";<br><br>(2) LUTHERSON BONHEUR, a/k/a "Boogs";<br><br>(3) FREDLY PHANORD, a/k/a "Ps";<br><br>(4) MICHELLE COLLINS;<br><br>(5) OBINNA OBIORA, a/k/a "Africa";<br><br>(6) MARSHAWN POTTS, a/k/a "Shells";<br><br>(7) ANTHONY HOLZWORTH, a/k/a "Ice"; and<br><br>(8) COLLEEN MARHEFKA,<br>            DEFENDANTS. | Criminal No.: 15cr10383<br><br>VIOLATIONS:<br><br>21 U.S.C. §846 - Conspiracy to Possess with Intent to Distribute Heroin and Cocaine<br><br>21 U.S.C. §841 – Possession with Intent to Distribute Heroin and Cocaine<br><br>18 U.S.C. §922(g)(1) - Felon in Possession of a Firearm and Ammunition<br><br>18 U.S.C. §924 (c) - Possession of a Firearm in Furtherance of a Drug Trafficking Offense<br><br>18 U.S.C. §1956(h) - Conspiracy to Launder Money<br><br>18 U.S.C. §2 - Aiding and Abetting<br><br>21 U.S.C. §853 - Drug Forfeiture Allegation<br><br>18 U.S.C. §982(a)(1) - Money Laundering Forfeiture Allegation<br><br>18 U.S.C. §924(d) and 28 U.S.C. §2461(c) - Firearm Forfeiture Allegation |

## INDICTMENT

**COUNT ONE:**    (21 U.S.C. §846 – Conspiracy to Possess With Intent to Distribute and to Distribute Heroin and Cocaine)

The Grand Jury charges that:

From in or around January 2015, and continuing through the date of this Indictment, at Boston, Brockton, Barnstable and elsewhere in the District of Massachusetts, and elsewhere,

      (1)  MARVIN ANTOINE,
      (2)  LUTHERSON BONHEUR,
      (3)  FREDLY PHANORD,
      (4)  MICHELLE COLLINS,
      (5)  OBINNA OBIORA,
      (6)  MARSHAWN POTTS,
      (7)  ANTHONY HOLZWORTH, and
      (8)  COLLEEN MARHEFKA,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to possess with intent to distribute, and to distribute heroin, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1).

It is further alleged that the offense described in Count One involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, 21 U.S.C. §841(b)(1)(A)(i) applies to this offense.

It is further alleged that, with respect to Count One, one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, is attributable to, and was reasonably foreseeable by (1) MARVIN ANTOINE, (2) LUTHERSON BONHEUR, and (3) FREDLY PHANORD. Accordingly, 21 U.S.C. §841(b)(1)(A)(i) is applicable to defendants (1) MARVIN ANTOINE, (2) LUTHERSON BONHEUR, and (3) FREDLY PHANORD.

All in violation of 21 U.S.C. §846.

**COUNT TWO**:     (21 U.S.C. §841(a)(1) – Possession with Intent to Distribute Heroin; 18 U.S.C. §2 – Aiding and Abetting)

The Grand Jury further charges that:

On or about June 19, 2015, at Hyannis and elsewhere in the District of Massachusetts,

    (2) **LUTHERSON BONHEUR, and**
    (7) **ANTHONY HOLZWORTH,**

defendants herein, did knowingly and intentionally possess with intent to distribute heroin, a Schedule I controlled substance.

All in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

**COUNT THREE**:   (18 U.S.C. §922(g)(1) – Felon in Possession of a Firearm;
18 U.S.C. §2 - Aiding and Abetting)

The Grand Jury further charges that:

On or about September 30, 2015, at Brockton, and elsewhere in the District of Massachusetts,

      **(1) MARVIN ANTOINE and**
      **(2) LUTHERSON BONHEUR,**

defendants herein, did knowingly possess in and affecting commerce, a firearm and ammunition, to wit, a M & P Smith and Wesson 9 mm handgun, bearing serial number DSJ7561, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

All in violation of 18 U.S.C. §922(g)(1).

**COUNT FOUR**:        (21 U.S.C. §841(a)(1) – Possession with Intent to Distribute Heroin;
                        18 U.S.C. §2 – Aiding and Abetting)

The Grand Jury further charges that:

On or about November 22, 2015, at Brockton and elsewhere in the District of Massachusetts,

>  **(1) MARVIN ANTOINE,**
>  **(2) LUTHERSON BONHEUR, and**
>  **(3) FREDLY PHANORD,**

defendants herein, did knowingly and intentionally possess with intent to distribute heroin, a Schedule I controlled substance.

All in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

**COUNT FIVE**:  (21 U.S.C. §841(a)(1) – Possession with Intent to Distribute Heroin and Cocaine; 18 U.S.C. §2 – Aiding and Abetting)

The Grand Jury further charges that:

On or about November 22, 2015, at Brockton and elsewhere in the District of Massachusetts,

### (1) MARVIN ANTOINE,

defendant herein, did knowingly and intentionally possess with intent to distribute heroin, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance.

All in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

**COUNT SIX**:    (18 U.S.C. §922(g)(1) – Felon in Possession of a Firearm
      18 U.S.C. §2 - Aiding and Abetting)

The Grand Jury further charges that:

On or about November 22, 2015, at Brockton and elsewhere in the District of Massachusetts,

**(1) MARVIN ANTOINE,
(2) LUTHERSON BONHEUR, and
(3) FREDLY PHANORD,**

defendants herein, did knowingly possess in and affecting commerce, firearms and ammunition, to wit: a Mossberg 715T .22 caliber long rifle, bearing serial number ELH347279, and a 9mm Luger caliber Springfield Armory, Model XDM-9, bearing serial number MG997114, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

All in violation of 18 U.S.C. §922(g)(1).

**COUNT SEVEN**:   (18 U.S.C. §922(g)(1) – Felon in Possession of a Firearm
18 U.S.C. §2 - Aiding and Abetting)

The Grand Jury further charges that:

On or about November 22, 2015, at Brockton and elsewhere in the District of Massachusetts,

**(1) MARVIN ANTOINE,**

defendant herein, did knowingly possess in and affecting commerce firearms to wit:

1. Glock 9 mm, Model 19, GEN 4 handgun, bearing serial number PRA684;

2. .45 caliber Springfield Armory, Model XD handgun, bearing serial number XD605202;

3. .40 caliber Taurus, Model PT840 handgun, bearing serial number SCT19064; and

4. Glock 9 mm, Model 19 handgun, bearing serial number HXM999,

after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

All in violation of 18 U.S.C. §922(g)(1).

**COUNT EIGHT**:   (18 U.S.C. §922(g)(1) – Felon in Possession of a Firearm
18 U.S.C. §2 - Aiding and Abetting)

The Grand Jury further charges that:

On or about November 22, 2015, at Brockton and elsewhere in the District of Massachusetts,

**(4) MICHELLE COLLINS,**

defendant herein, did knowingly possess in and affecting commerce firearms to wit: a 9mm Luger caliber Springfield Armory, Model XD-9, bearing serial number US821592; and a 9mm Luger caliber Springfield Armory, Model XDM-9, bearing serial number MG813041, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

All in violation of 18 U.S.C. §922(g)(1).

9

**COUNT NINE**:     (18 U.S.C. §924(c) – Possession of a Firearm in Furtherance of a Drug Trafficking Offense; 18 U.S.C. §2 – Aiding and Abetting)

The Grand Jury further charges that:

On or about November 22, 2015, at Brockton and elsewhere in the District of Massachusetts,

      **(1) MARVIN ANTOINE,**
      **(2) LUTHERSON BONHEUR, and**
      **(3) FREDLY PHANORD,**

defendants herein, did knowingly possess a firearm, to wit: 1) a Mossberg 715T .22 caliber long rifle, bearing serial number ELH347279, and 2) a 9mm Luger caliber Springfield Armory, Model XDM-9 handgun, bearing serial number MG997114, in furtherance of a drug trafficking crime, to wit: conspiracy to possess with intent to distribute and to distribute heroin and cocaine, in violation of 21 U.S.C. §846, as charged in Count One of this Indictment and possession with intent to distribute heroin, in violation of 21 U.S.C. §841(a)(1), as charged in Count Five of this Indictment.

All in violation of 18 U.S.C. §924(c)(1).

**COUNT TEN**:        (18 U.S.C. §1956(h) - Conspiracy to Commit Money Laundering)

The Grand Jury further charges that:

From a date unknown to the Grand Jury, but from at least in or about September 2015 through the time of this indictment, at Brockton, and elsewhere in the District of Massachusetts and elsewhere,

**(1) MARVIN ANTOINE and**
**(4) MICHELLE COLLINS,**

defendants herein, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity and which in fact involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, distribution, buying, selling, and otherwise dealing in a controlled substance:

(A)    knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. §1956(a)(1)(B)(i); and

(B)    knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under State or Federal law, in violation of 18 U.S.C. §1956(a)(1)(B)(ii).

All in violation of 18 U.S.C. §1956(h).

## DRUG FORFEITURE ALLEGATION
### (21 U.S.C. §853)

The Grand Jury further charges that:

1. Upon conviction of one or more of the offenses alleged in Counts One, Two, Three, Five, and Six of this Indictment,

> (1) **MARVIN ANTOINE,**
> (2) **LUTHERSON BONHEUR,**
> (3) **FREDLY PHANORD,**
> (4) **MICHELLE COLLINS,**
> (5) **OBINNA OBIORA,**
> (6) **MARSHAWN POTTS,**
> (7) **ANTHONY HOLZWORTH, and**
> (8) **COLLEEN MARHEFKA,**

defendants herein, shall forfeit to the United States, joint and several as to Count One;, pursuant to 21 U.S.C. §853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including, but not limited to, the following:

> (a) $4,089 in United States currency, seized on or about November 23, 2015 from Marvin Antoine; and
>
> (b) $19,020 in United States currency, seized on or about November 23, 2015 from Marvin Antoine.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the Court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. §853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All pursuant to Title 21, United States Code, Section 853.

## MONEY LAUNDERING FORFEITURE ALLEGATION
### (18 U.S.C. §982(a)(1))

The Grand Jury further charges that:

1. Upon conviction of the offense alleged in Count Ten of this Indictment,

   **(1) MARVIN ANTOINE and**
   **(4) MICHELLE COLLINS,**

defendants herein, shall forfeit to the United States, joint and several, pursuant to 18 U.S.C. §982(a)(1), any property, real or personal, involved in the offense, or any property traceable to such property.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants,

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All pursuant to Title 18, United States Code, Section 982(a)(1).

## FIREARM FORFEITURE ALLEGATION
## (18 U.S.C. §924(d) and 28 U.S.C. §2461(c))

The Grand Jury further charges that:

1. Upon conviction of one of the offenses alleged in Counts Three, Six, Seven, Eight, and Nine of this Indictment,

        **(1) MARVIN ANTOINE,**
        **(2) LUTHERSON BONHEUR,**
        **(3) FREDLY PHANORD, and**
        **(4) MICHELLE COLLINS,**

defendants herein, shall forfeit to the United States pursuant to 18 U.S.C. §924(d) and 28 U.S.C. §2461(c), any firearm or ammunition involved in or used in the knowing commission of the offense, including, but not limited to, the following:

    (a) M & P Smith and Wesson 9 mm handgun, bearing serial number DSJ7561, seized on or about November 23, 2015;

    (b) Glock 9 mm, Model 19, GEN 4 handgun, bearing serial number PRA684, seized on or about November 23, 2015;

    (c) .45 caliber Springfield Armory, Model XD handgun, bearing serial number XD605202, seized on or about November 23, 2015;

    (d) .40 caliber Taurus, Model PT840 handgun, bearing serial number SCT19064, seized on or about November 23, 2015;

    (e) Glock 9 mm, Model 19 handgun, bearing serial number HXM999, seized on or about November 23, 2015;

    (f) 9mm Luger caliber Springfield Armory, Model XD-9, bearing serial number US821592, seized on or about November 23, 2015; and

    (g) 9mm Luger caliber Springfield Armory, Model XDM-9, bearing serial number MG813041, seized on or about November 23, 2015.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants,

    (a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. §853(p), as incorporated by 28 U.S.C. §2461(c), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

A TRUE BILL,

*[signature]*
FOREPERSON OF THE GRAND JURY

*[signature]*
LEAH B. FOLEY
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS             December 9, 2015

Returned into the District Court by the Grand Jurors and filed.

*[signature]*
Deputy Clerk

@ 1:40 PM
12/9/15

17