UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>OBINNA OBIORA, )<br>)<br>Defendant )<br>)<br>_____ ) | Criminal No. 15-10383-WGY |

### ORDER DENYING PRO SE REQUEST FOR RELIEF

July 13, 2016

Hennessy, M.J.

    Defendant Obinna Obiora has submitted to the court an ex parte letter dated June 25, 2016 alleging violations of his constitutional rights in connection with the instant criminal case, and requesting relief. (Docket #150). Treating this letter as a motion, it is denied.

    Defendant is named in a Second Superseding Indictment with ten co-defendants. (Docket #133). The Second Superseding Indictment alleges Conspiracy to Possess with Intent to Distribute and to Distribute Heroin and Cocaine, and other crimes. Following Defendant's arrest in December 2015 on the original indictment, the court appointed counsel to represent Defendant, pursuant to the Criminal Justice Act. (See Docket #47). In March 2016, Judge Young granted Defendant's motion for appointment of new CJA counsel to represent Defendant, resulting in current CJA counsel, James Krasnoo, filing an appearance on behalf of Defendant. (See Docket ##122, 123).

    Under these circumstances, the court will not entertain a motion – in the form of a letter or otherwise – from a defendant who is represented by counsel. In United States v. Nivica, 887 F.2d

1

1110 (1st Cir. 1989), the Appeals Court stated: "An indigent defendant has a sixth amendment right to appointed counsel…and a corresponding right to proceed without counsel…but these are mutually exclusive.  A defendant has no right to hybrid representation."  Id. at 1121 (internal citations omitted); see also United States v. Chorney, 63 F.3d 78, 80 (1st Cir. 1995) (courts enjoy wide discretion in managing cases, and "'hybrid representation,' by counsel and the defendant, 'is to be employed sparingly and, as a rule, is available only in the district court's discretion.'") (quoting Nivica, 887 F.2d at 1121); United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993) (finding district court did not abuse its discretion in refusing to consider pro se motions of represented defendant).

Here, in the exercise of the court's discretion, the court will not consider the request for relief in Defendant's June 25, 2016 letter.  At the time Defendant wrote the letter, indeed throughout the prosecution of this case, Defendant has been represented by appointed counsel.  Allowing Defendant to litigate claims independently of his attorney would impede the court's ability to manage the docket of this case, compelling the court and the United States Attorney to address duplicate and potential inconsistent and unnecessary motions.  The concern for the management of the docket is heightened here, where there are ten co-defendants, raising the risk of unwieldy pretrial motion practice.  The foregoing authorities make clear a court's discretion to require represented parties to present motions through counsel, and not pro se.  Defendant has not provided a persuasive reason for departing from this general practice, and has no absolute right to handle portions of his representation pro se.  Accordingly, the court will not consider Defendant's request for relief in Defendant's June 25, 2016 letter.  It is denied on procedural grounds.

    / s / David H. Hennessy
    David H. Hennessy
    United States Magistrate Judge